# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3077

_____

United States of America,    *
            *
     Appellee,   *
            * Appeal from the United States
 v.          * District Court for the
            * Northern District of Iowa.
Kevin Dean Lambert,    *   [UNPUBLISHED]
            *
     Appellant.  *

_____

Submitted: March 13, 2001

Filed: March 27, 2001

_____

Before MORRIS SHEPPARD ARNOLD and HEANEY, Circuit Judges,
  and TUNHEIM[1], Circuit Judges.

_____

PER CURIAM.

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota, sitting by designation.

Kevin Dean Lambert appeals his drug and firearm convictions entered upon a guilty plea in the district court.[2] We affirm.

In November 1999, a grand jury returned a three-count indictment against Lambert, charging him with (1) conspiracy to manufacture, distribute, and possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 856; (2) possession with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (3) carrying a firearm during and in relation to a drug crime, in violation of 18 U.S.C. § 924(c). Pursuant to a plea agreement, Lambert pleaded guilty to counts one and three, noting that he and the government disagreed as to drug quantity but admitting he was responsible for at least 200 grams of methamphetamine. At sentencing, Lambert and the government agreed that he was responsible for between 350 and 500 grams of methamphetamine. Accepting this drug quantity agreement, the district court sentenced Lambert at the bottom of the resulting Guidelines range to 120 months imprisonment and also imposed the mandatory consecutive 60 months on the gun charge.

Lambert's sole argument on appeal is that the district court violated the constitutional principles articulated in Apprendi v. New Jersey, 120 S. Ct. 2348 (2000) by sentencing him above the mandatory five-year minimum required by § 924(c) even though the government did not prove drug quantity beyond a reasonable doubt. Lambert's argument is misguided, however, as Apprendi mandates proof beyond a reasonable doubt only of those facts that increase a defendant's sentence beyond the statutory maximum. Id. at 2362-63; United States v. Aguayo-Delgado, 220 F.3d 926, 933 (8th Cir.), cert. denied, 121 S.Ct. 600 (2000). Even if we ignore Lambert's admissions as to drug quantity, his 180-month total sentence is within the 20-year

---

[2]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

maximum authorized by 21 U.S.C. § 841(b)(1)(C) for the drug offense simpliciter. Lambert's sentence thus presents no Apprendi error.

Accordingly, the judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.